**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-2323**

BALMORIS ALEXANDER CONTRERAS-MARTINEZ,

              Petitioner,

         v.

ERIC H. HOLDER, JR., Attorney General,

              Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  August 21, 2009          Decided:  October 13, 2009

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Katherine Leong, WILLIAMS & CONNOLLY, LLP, Washington, D.C., for Petitioner.  Michael F. Hertz, Acting Assistant Attorney General, Terri J. Scadron, Assistant Director, Corey L. Farrell, OFFICE OF IMMIGRATION LITIGATION, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Balmoris Alexander Contreras-Martinez, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his applications for asylum, withholding of removal and withholding under the Convention Against Torture ("CAT"). We deny the petition for review.

The INA authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2006). It defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2006). "Persecution involves the infliction or threat of death, torture, or injury to one's person or freedom, on account of one of the enumerated grounds . . . ." Li v. Gonzales, 405 F.3d 171, 177 (4th Cir. 2005) (quotation marks and citations omitted).

An alien "bear[s] the burden of proving eligibility for asylum," Naizgi v. Gonzales, 455 F.3d 484, 486 (4th Cir. 2006); see 8 C.F.R. § 1208.13(a) (2009), and can establish refugee status based on past persecution in his native country on account of a protected ground. 8 C.F.R.

2

§ 1208.13(b)(1). Without regard to past persecution, an alien can establish a well-founded fear of persecution on a protected ground. Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004).

The well-founded fear standard contains both a subjective and an objective component. The objective component requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution. Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006). "The subjective component can be met through the presentation of candid, credible, and sincere testimony demonstrating a genuine fear of persecution . . . . [It] must have some basis in the reality of the circumstances and be validated with specific, concrete facts . . . and it cannot be mere irrational apprehension." Li, 405 F.3d at 176 (quotation marks, citations, and alteration omitted).

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact, including findings on credibility, are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). Legal issues are reviewed de novo, "affording appropriate

3

deference to the [Board's] interpretation of the INA and any attendant regulations." Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002).

We find no error in the Board's denial of Contreras-Martinez' claims for asylum and withholding of removal. His proposed social group of adolescents in El Salvador who refuse to join the gangs of that country because of their opposition to the gangs' violent and criminal activities is too broad and ill-defined to qualify as a "particular social group" within the meaning of the INA. See 8 U.S.C. §§ 1101(a)(42)(A), 1231(b)(3).

The Board has defined "persecution on account of membership in a particular social group" within the meaning of the INA to mean "persecution that is directed toward an individual who is a member of a group of persons all of whom share a common, immutable characteristic[,] . . . one that the members of the group either cannot change, or should not be required to change because it is fundamental to their individual identities or consciences." Matter of Acosta, 19 I. & N. Dec. 211, 233 (B.I.A. 1985), overruled on other grounds by Matter of

4

Mogharrabi, 19 I. & N. Dec. 439 (B.I.A. 1987). Further, as detailed in In re C-A, 23 I. & N. Dec. 951, 960 (B.I.A. 2006) and affirmed in In re A-M-E & J-G-U-, 24 I. & N. Dec. 69, 74-76 (B.I.A. 2007), in addition to "immutability," the Board requires that a particular social group have: "(1) social visibility, meaning that members possess characteristics . . . visible and recognizable by others in the native country, . . . (2) be defined with sufficient particularity to avoid indeterminacy, . . . and (3) not be defined exclusively by the fact that its members have been targeted for persecution[.]" Scatambuli v. Holder, 558 F.3d 53, 59 (1st Cir. 2009) (quotation marks, citations, and alterations omitted).

Contreras-Martinez' claims fail this test because he has not demonstrated that members of his proposed group are perceived by gang members or others in El Salvador as a discrete group. See Ucelo-Gomez v. Mukasey, 509 F.3d 70, 73 (2d Cir. 2007) ("[M]embership in a purported social group requires a certain level of 'social visibility.'"); Matter of S-E-G-, 24 I. & N. Dec. 579, 586-88 (B.I.A. 2008) (concluding that Salvadoran youths who resist gang recruitment are not a cognizable social group because they do not share recognizable and discrete attributes). Additionally, the proposed group is inchoate, as it is comprised of a potentially large and diffuse segment of El Salvadoran society. See Matter of S-E-G-,

5

24 I. & N. Dec. at 585. To the extent that Contreras-Martinez suggests that the Board's definition of "particular social group" should not control here, we defer to its reasonable interpretation of that term. See Castillo-Arias v. U.S. Att'y Gen., 446 F.3d 1190, 1197-98 (11th Cir. 2006); see also Scatambuli, 558 F.3d at 59-60 (upholding "social visibility" as a criteria for a particular social group).

We further find that substantial evidence supports the Board's finding that Contreras-Martinez was not eligible for relief under the CAT. Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED